cc:order, docket, remand letter to San Bernardino Superior Court, Fontana, No. UDFS 1101864

**SEND**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 5:11- 01880 SVW (SSx) | Date | December 5, 2011 |
|---|---|---|---|
| Title | Canterbury Lots 68 LLC v. John Esposito, et al. | | |

**JS - 6**

| Present: The Honorable | STEPHEN V. WILSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Paul Cruz | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS - COURT ORDER

## I. INTRODUCTION

On August 23, 2011, Plaintiff Canterbury Lots 68 LLC (hereinafter "Canterbury Lots") filed the instant action in San Bernardino County Superior Court against Defendants John Esposito and Lisa Esposito alleging unlawful detainer pursuant to California Code of Civil Procedure §§ 1161a(b)(3) and 1166.  On November 29, 2011, Defendant John Esposito removed the action to this Court pursuant to 28 U.S.C. §§ 1441 and 1446.  (Dkt. No. 1).  Defendant removed the action on the basis of federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331.  (Notice of Removal, at 4).  The Court hereby REMANDS the case to San Bernardino County Superior Court because: (1) the Court lackesFederal Question Jurisdiction; (2) Defendant's Notice of Removal is untimely; and (3) the other named Defendant, Lisa Esposito, has not joined in or consented to the Notice of Removal.

## II. ANALYSIS

Federal courts are of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress.  See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994).  A "strong presumption" against removal jurisdiction exists.  Gaus v. Miles, Inc., 980 F.2d 564, 567 (9th Cir. 1992).  In seeking removal, the defendant bears the burden of proving that jurisdiction exists.  Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986).

### A.   Federal Question Jurisdiction

Under 28 U.S.C. § 1331, this Court has original jurisdiction over civil actions "arising under" federal law.  Removal based on § 1331 is governed by the "well-pleaded complaint" rule.  Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987).  Under the rule, "federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint."  Id. at 392.  If the complaint does not specify whether a claim is based on federal or state law, it is a claim "arising under" federal law only if it is "clear" that it raises a federal question.  Duncan v. Stuetzle, 76 F.3d 1480, 1485

SEND

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 5:11- 01880 SVW (SSx) | Date | December 5, 2011 |
|---|---|---|---|
| Title | Canterbury Lots 68 LLC v. John Esposito, et al. | | |

JS - 6

(9th Cir. 1996).  Thus, plaintiff is generally the "master of the claim."  Caterpillar, 482 U.S. at 392.  "A case may not be removed to federal court on the basis of a federal defense, including the defense of pre-emption."  Id. at 393 (emphasis in original).  The only exception to this rule is where plaintiff's federal claim has been disguised by "artful pleading," such as where the only claim is a federal one or is a state claim preempted by federal law.  Sullivan v. First Affiliated Sec., Inc., 813 F.2d 1368, 1372 (9th Cir. 1987).

Here, the Complaint contains a single cause of action for unlawful detainer.  No federal claim is alleged.  Defendant claims that federal question jurisdiction exists because of his allegations that Plaintiff violated the Constitution and TILA by engaging in racially discriminatory and predatory lending practices.  (Notice of Removal, 2:25-3:4, 3:17-4:2).  However, Defendant seems to be citing to federal law in support of potential counterclaims.  These allegations do not constitute a basis for removal.  Just as a federal defense does not form a basis for removal, neither does an actual or anticipated federal counterclaim form a basis for removal.  Vaden v. Discover Bank, __ U.S. __, 129 S. Ct. 1262 (2009).  Therefore, Defendant has failed to show that federal question jurisdiction exists.

### B.    Consent of Joined Defendants

All proper defendants in an action must join or consent to a notice of removal.  28 U.S.C. § 1446(a); Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1266 (9th Cir. 1999), superseded by statute on other grounds as stated in Abrego Abrego v. Dow Chem. Co., 443 F.3d 676, 681 (9th Cir. 2006) (noting that jurisdiction under Class Action Fairness Act does not require joinder of all defendants); Parrino v. FHP, Inc., 146 F.3d 699, 703 (9th Cir. 1998) ("[A]ll defendants must join a notice of removal.") (internal citation omitted).  "Where fewer than all the defendants have joined in a removal action, the removing party has the burden under section 1446(a) to explain affirmatively the absence of any co-defendants in the notice for removal."  Prize Frize, 167 F.3d at 1266.

Here, the removing Defendant has offered no explanation whatsoever for the absence of named Defendant Lisa Esposito.  The Court therefore concludes that Removing Defendant's failure to affirmatively explain the absence of the other named Defendant renders the Notice of Removal procedurally defective.  See 28 U.S.C. § 1446(a); Prize Frize, 167 F.3d at 1266.

### C.    Timeliness of Removal

Valid removal of a civil case to federal court must occur within thirty days of defendant's receipt of the initial complaint.  28 U.S.C. § 1446(b).  In this case, service of the Summons and Complaint on Defendant Juan Cornejo was effectuated by posting on September 12, 2011.  Defendant filed a Notice of Removal on November 29, 2011.  Defendant's Notice of Removal is therefore also denied as untimely.

### III.    CONCLUSION

**SEND**

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 5:11- 01880 SVW (SSx) | Date | December 5, 2011 |
|---|---|---|---|
| Title | Canterbury Lots 68 LLC v. John Esposito, et al. | | |

JS - 6

    This action is remanded to San Bernardino County Superior Court, Case No. UDFS1101864, for failure to comply with the removal requirements of 28 U.S.C. § 1446.  See 28 U.S.C. § 1447(c); Prize Frize, 167 F.3d at 1266.  IT IS SO ORDERED.